BRYAN, Justice
(concurring in part and concurring in the result in part).
I concur in Part II.A. of the main opinion. However, I do not believe this Court needs to address the argument by Kay E. Davis, the plaintiff below, that interpreting the Health Care Authorities Act, § 22-21-310 et seq., Ala.Code 1975 (“the Act”), so as to apply the damages cap set forth in § 11-93-2, Ala.Code 1975, to all healthcare authorities formed pursuant to the Act is unconstitutional. Therefore, as to Part II.B. of the main opinion, I concur only in the result. See Lowe v. Fulford, 442 So.2d 29, 33 (Ala.1983) (“‘Generally courts are reluctant to reach constitutional questions, and should not do so, if the *420 merits of the case can be settled on non-constitutional grounds.’ ” (quoting the trial court’s order)); see also Working v. Jefferson Cnty. Election Comm’n, 2 So.3d 827, 838 (Ala.2008) (“We first turn our attention to the latter issue because an affirmative response to it will make it unnecessary for us to address the constitutionality of a legislative enactment.” (citing Lowe)).
The Act provides, in pertinent part:
“(a) In addition to all other powers granted elsewhere in this article, and subject to the express provisions of its certificate of incorporation, an authority shall have the following powers ...:
[[Image here]]
“(2) To sue or be sued in its own name in civil suits and actions, and to defend suits and actions against it ..., subject, however, to the provisions of Chapter 93 of Title 11, which chapter is hereby made applicable to the authority.”
§ 22-21-318(a)(2), Ala.Code 1975.
As noted in the main opinion, the Health Care Authority for Baptist Health (“the Authority”) argues that the language of § 22-21-318(a)(2), Ala.Code 1975, making “Chapter 93 of Title 11 .. ⅝; applicable to the authority,” indicates that the legislature intended for the $100,000 damages cap set forth in § 11-93-2 for governmental entities, including county and municipal agencies, to apply to all authorities formed under the Act, regardless of the status of the creating entity..
‘“The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.’ ”
Bandy v. City of Birmingham, 73 So.3d 1233, 1246 (Ala.2011) (quoting IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992)).
Section 11-93-2 provides, in pertinent part, that “[t]he recovery of damages under any judgment against a governmental entity shall be limited to $100,000 for bodily injury or death for one person in any single occurrence.” Section 11-93-1(1), Ala.Code 1975, defines a “governmental entity” as:
“Any incorporated municipality, any county, and any department, agency, board, or commission of any municipality or county, municipal or county public corporations, and any such instrumentality or instrumentalities acting jointly. ‘Governmental entity’ shall also include county public school boards, municipal public school boards and city-county school boards when such boards do not operate as functions of the State of Alabama. ‘Governmental entity5 shall also mean county or city hospital boards when such boards are instrumentalities of the municipality or county or organized pursuant to authority from a municipality or county.”
As Davis points out, the legislature did not expressly state that the damages cap in § 11-93-2 applies to all authorities but, instead, that Chapter 93 in its entirety “is made applicable” to health-care authorities under the Act. Giving the terms their plain meaning and interpreting the language of the Act to mean what it says, I do not read § 22-21-318(a)(2) of the Act as subjecting all authorities to the statutory damages cap in § 11-93-2, but, instead, as ensuring that a health-care authority created under the Act that also satisfies the definition of a “governmental entity” in *421 § 11-93-1(1) receives the protections afforded such entities by § 11-93-2.
The Authority concedes that it “is not a ‘governmental entity,’ as defined in § 11-93-l[ (1) ].” The Authority’s brief, at 52. Therefore, the statutory damages cap set forth in § 11-93-2 does not apply to the judgment entered against the Authority in this case. For this reason, I concur in the result reached in Part II.B. of the main opinion.